IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



McKINLEY COLUMBUS JOYNER,

    Petitioner,

v.                                          Civil Action No. 3:15CV468

RODNEY W. YOUNCE,

    Respondent.

**MEMORANDUM OPINION**

McKinley Columbus Joyner, a Virginia inmate proceeding pro se, brings this 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Joyner was convicted in the Circuit Court for the County of Arlington, Virginia of forcible sodomy, use of a gun during sodomy, and abduction with the intent to defile. (§ 2254 Pet. 2.) In his § 2254 Petition, Joyner stated that he raised none of his claims for relief in state court. (See § 2254 Pet. 7-10.) Joyner also indicated that he failed to raise these claims because he "he had no knowledge nor finance to continue appealing [his] cause." (Id. at 7.) By Memorandum Order entered on February 16, 2016, the Court directed Joyner to show cause, within eleven (11) days of the date of entry thereof, as to why his § 2254 Petition should not be dismissed for lack of exhaustion. Joyner has responded. (ECF No. 9.) However, Joyner wholly fails to address why

he has not raised his claims before the Supreme Court of Virginia. Instead, Joyner seemingly agrees that he has failed to exhaust his administrative remedies and attaches an appeal he filed in the Supreme Court of Virginia after receiving this Court's February 16, 2016 Memorandum Order.[1]

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent,' Bowen v. Johnston, 306 U.S. 19, 27 (1939), courts 'require[] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting Boumediene v. Bush, 553 U.S. 723, 793 (2008)). Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion

---

[1] Joyner states:

> Attached please find copy claims prematurely filed with the federal district court; thanks to your counsel, included in the copy filed today in an Appeal of [t]he Supreme Court of Virginia. Accordingly[,] the inclusion of claims made in federal district court via the filing in the state court today show cause why 2254 should not be dismissed. To be clear[,] should the matter not be resolved by the state court, I then can-file in the federal district court for relief without restriction.

(Resp. 1, ECF No. 6.)

"'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" Slavek v. Hinkle, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 491-92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. See O'Sullivan v. Boerckel, 526 U.S. 838, 844-48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)) (additional internal quotation

3

marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Id. (quoting Duncan, 513 U.S. at 365-66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994-95 (4th Cir. 1994).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); see also Va. Code Ann. § 8.01-654(A)(1) (West 2015). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and

4

receive a ruling from that court before a federal district court can consider them." Banks v. Johnson, No. 3:07CV746-HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting Graham v. Ray, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005)); see also Sparrow, 439 F. Supp. 2d at 587.

Here, the issues raised by Joyner have not been raised before the Supreme Court of Virginia. Joyner fails to demonstrate that any exceptional circumstances warrant the consideration of his habeas petition at this time. Accordingly, Joyner's § 2254 Petition and the action will be dismissed without prejudice because Joyner has failed to exhaust available state remedies or demonstrate that exceptional circumstances warrant consideration of his petition at this juncture.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000)

(quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Joyner fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Joyner.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 14, 2016